**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ISIDORO PULUC-CAR**, | ) |
| | ) |
| | )    **3:26-CV-1409** |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **DAVID VENTURELLA, ET AL**, | ) |
| | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART**
**PETITIONER ISIDORA PULUC-CAR'S PETITION FOR WRIT**
**OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Isidoro Puluc-Car's counseled Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("habeas petition"). (Doc. 1).

### I.    Background

Petitioner asserts in his habeas petition that he was detained by ICE on July 10, 2026 and currently is being housed at Moshannon Valley Processing Center ("MVPC"). (*Id.* at 1, 5).

Petitioner further contends that he is being improperly detained by Respondents pursuant to 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which requires mandatory detention, whereas his detention should be governed pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"), where detention is discretionary, and therefore, Respondents are violating his procedural due process rights under the Fifth Amendment to the United States Constitution and his rights under the Immigration and Naturalization Act ("INA"). (*Id.* at 6-7).

Finally, Petitioner claims that he is neither a flight risk nor a danger to society. (*Id.* at 7).

By way of relief, Petitioner requests that he: (1) be immediately released or provided a fair bond hearing in front of an Immigration Judge ("IJ"); and (2) not be transferred from his current facility "until this matter is decided." (*Id*. at 8).

On August 3, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, arguing that Petitioner is properly being detained pursuant to 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2). In support thereof, they cite to *Matter of Hurtado*, 29 I & N Dec. 216 (BIA 2025). (*Id.*).

On August 7, 2026, Petitioner filed a letter, reiterating his position that his detention should be governed by Section 1226(a) and seeking immediate release or a bond hearing. (Doc. 8).

This matter has been fully briefed and is ripe for adjudication.

## II.    Discussion and Conclusions

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to Section 1226(a), as contended by Petitioner, or mandatory detention under Section 1225(b)(2), as contended by Respondents; (2) if Petitioner's detention is governed by Section 1226(a), what is the relief to which Petitioner is entitled as of today's date, August 10, 2026; and (3) can this Court issue an order enjoining Respondents from transferring Petitioner from MVPC "until this matter is decided."

Under the facts of this case, which Respondents characterize as a "*Hurtado*" case (*i.e*, a case involving an alien who entered the United States without inspection or admission and years later was arrested in the interior of the United States), for the reasons set forth in *Rivera Juarez v. Oddo et al.*, Civ. No. 3:26-718 (W.D. Pa. Apr. 30, 2026) (Schwab, J.) (Doc. 10), the Court finds that Petitioner's detention is governed by Section 1226(a) and not Section 1225(b)(2). *See*

*also Barbosa da Cunha v. Freden*, 175 F.4th 61, 78 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-32 (6th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315,   at *2 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1280-81 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec*., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.,* at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility,* No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.  The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record.  *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) immediately releasing Petitioner from ICE custody; and (2) enjoining Respondents from transferring Petitioner from MVPC pending resolution of this matter.

More specifically, where, as here, Petitioner has been detained approximately two (2) months, albeit under the wrong statute, the Court finds that the INA and due process under the Fifth Amendment to the United States Constitution are satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered, and does not require immediate release. *See Pico Bano v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing.  However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.'  Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo,* Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Further, this Court lacks jurisdiction to prevent Petitioner's transfer from MVPC while this matter is pending.[1]  Congress has vested the Secretary of Homeland Security and his/her

---

[1] Notably, post-filing transfer of a petitioner does not deprive a court of its jurisdiction over the petitioner's habeas petition.  *See Khali  v. Pres., U.S.*, 164 F.4th 259, 270 (3d Cir. 2026).

delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen.*, 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

SO ORDERED this 10th day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel of Record